courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

**XIU PING CHAI, Petitioner,**

v.

**John ASHCROFT, Attorney General, Respondent.**

No. 02–74154.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 10, 2004.

Jisheng Li, Esq., Law Office of Jisheng Li, Honolulu, HI, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Emily A. Radford, Esq., Thomas C. Lederman, U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

MEMORANDUM **

Xiu Ping Chai, a native and citizen of China, petitions for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant

to 8 U.S.C. § 1252, and we deny the petition.

Substantial evidence supports the IJ's adverse credibility determination in light of the material inconsistencies in Chai's asylum application and testimony, *see Chebchoub v. INS*, 257 F.3d 1038, 1043 (9th Cir.2001), including inconsistencies regarding the circumstances of Chai's alleged detention.

By failing to qualify for asylum, Chai necessarily fails to satisfy the more stringent standard for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Chai's claim for relief under the CAT fails, because he did not meet the burden of showing that it is more likely than not that he would be tortured if returned to China. *See Malhi v. INS*, 336 F.3d 989, 993 (9th Cir.2003).

**PETITION FOR REVIEW DENIED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.